UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN D'AMICO,<br>        Plaintiff<br><br>v.<br><br>SOLID WASTE SERVICES, INC.,<br>d/b/a J.P. MASCARO & SONS,<br>        Defendant. | No.<br><br>Jury Trial Demanded |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiff is Steven D'Amico who resides at 4580 Spring Street, Whitehall, PA 18052.

2. Defendant is Solid Waste Services, Inc., d/b/a J.P. Mascaro & Sons, a Pennsylvania domestic corporation, headquartered at 2650 Audubon Road, Audubon, Pennsylvania, and operating a facility located at 315 Basin Street, Allentown, PA (the "Allentown Facility").

3. At all times relevant hereto, Defendant was an "employer" as defined in the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., and as defined in the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq., as the Defendant employed at least fifteen (15) employees for the requisite amount of time under each statute.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had authority to make decisions concerning Plaintiff's

1

employment. Said individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in this Complaint.

## JURISDICTION AND VENUE

5. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

6. The Court has personal jurisdiction over Defendant because of Defendant's contacts with the Commonwealth and this judicial district which are sufficient for the exercise of jurisdiction such that it complies with the traditional notions of fair plan and substantial justice, thus satisfying the standard set forth by International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) as it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§1391(b)(1) and 1391(b)(2) because Defendant is located in and/or regularly conducts business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEMDIES

10. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

11. Plaintiff exhausted his administrative remedies under the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

12. On or about October 6, 2016, Plaintiff filed a timely written Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability, which was also cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

13. The Charge was assigned EEOC Charge No. 530-2017-00123.

14. On or about January 25, 2018, the EEOC mailed Plaintiff a Dismissal and Notice of Rights ("Right to Sue"). A true and correct copy of the Right to Sue is attached hereto as **Exhibit "A"**.

15. Plaintiff files the instant Complaint within ninety (90) days of his receipt of the Right to Sue in this matter.

16. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

17. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

18. Before being employed by Defendant, in or about July of 2012, Plaintiff suffered a rotator cuff tear in his right shoulder. Plaintiff underwent physical therapy and suffered three (3) rotator cuff tears in his left shoulder while rehabilitating.

19. Plaintiff finished his physical therapy and treatment in or about January of 2016.

20. On or about March 30, 2016, Plaintiff applied for a position with Defendant as a Commercial Driver at the Allentown Facility. Said position required a commercial driver's license ("CDL"), which requires a certification that the individual meets the medical requirements set forth in the Federal Motor Carrier Safety Regulations.

21. Plaintiff interviewed with Defendant shortly after and was sent for a physical and drug screening.

22. Plaintiff was issued a valid medical examiner's certification by Dr. Timothy J. Prestosh on or about April 4, 2016, which was valid until April 4, 2018.

23. Defendant hired Plaintiff on April 6, 2016, and Plaintiff began work on April 7, 2016.

24. Plaintiff worked April 7th, 8th, 11th, and 12th, as instructed by his employer.

25. At the end of the day on April 12, 2016, Plaintiff received a message from Dane Chatman, an employee of Defendant, asking Plaintiff to meet with him the next day at 6:00 a.m.

26. Plaintiff arrived for the meeting on April 13, 2016, but was told that Mr. Chatman was performing vehicle repairs, so he should meet with Andrew Jezich, another of Defendant's employees.

27. Plaintiff went into the meeting with Mr. Jezich. Also present were Donald Grim and a third person that Plaintiff did not recognize.

28. During the meeting, Mr. Jezich told Plaintiff that although he wanted to keep him as an employee, "corporate" ordered him to terminate Plaintiff because of his past shoulder injuries.

29. Defendant subsequently terminated Plaintiff's employment.

30. At no point during Plaintiff's employment did he receive any disciplinary notices, nor was his job performance criticized.

31. At no point during Plaintiff's employment did he complain of being unable to perform the essential job duties, nor did he even request a reasonable accommodation because he was already able to perform the essential job duties.

32. At no point during Plaintiff's employment, even after learning of Plaintiff's medical history, did Defendant engage in a meaningful interactive dialogue with Plaintiff regarding his ability to perform the essential job duties with or without reasonable accommodation.

33. At all times relevant to the material issues in this Complaint, Plaintiff was able to perform his essential job duties with or without reasonable accommodation.

## COUNT I – DISCRIMINATION ON THE BASIS OF DISABILITY
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

34. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

35. Plaintiff suffered an adverse employment action by Defendant's termination of his employment.

36. Circumstances exist related to the above-cited adverse employment action that give rise to an inference of discrimination, and that the adverse employment action was motivated in whole or in part by Plaintiff's disability.

37. Plaintiff is a member of a protected class in that the Defendant regarded Plaintiff as having a physical impairment that substantially limited one (1) or more major life activities. In the alternative, Plaintiff had such a physical impairment, and/or had a record of such impairment.

38. The major life activities substantially limited by Plaintiff's medical conditions, whether actual, recorded, or perceived, include lifting, performing manual tasks and working.

39. Plaintiff was qualified and capable of performing the essential job duties for his job position, with or without accommodation.

40. Plaintiff was performing the essential job functions of the job position without reasonable accommodation at the time he was terminated.

41. Plaintiff was not disciplined, nor did he receive any negative performance reviews or criticism prior to his sudden termination.

42. The reason for termination offered by Defendant at the meeting on April 13, 2016, was blatantly discriminatory, as it was based on unsubstantiated and speculative concerns about Plaintiff's disability and not for any actual misconduct or inability to perform essential job functions.

43. Defendant failed to engage in a meaningful interactive dialogue with Plaintiff regarding his disability and whether reasonable accommodation was possible or even needed.

44. Any reasons provided by Defendant for the adverse employment actions are pretextual.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, below.

### COUNT II – DISCRIMINATION ON THE BASIS OF DISABILITY
### PENNSYLVANIA HUMAN RELATIONS ACT, 43 Pa.C.S. §951 *et seq.*

45. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

46. Circumstances exist related to the above-cited adverse employment action that give rise to an inference of discrimination, and that the adverse employment action was motivated in whole or in part by Plaintiff's disability.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Steven D'Amico, requests that the Court grant him the following relief against Defendant, Solid Waste Services, Inc., d/b/a/ J.P. Mascaro & Sons:

(a) An award of lost earnings;

(b) An award of front pay in lieu of reinstatement;

(c) Compensatory damages including past and future pecuniary loss;

(d) Punitive damages (where applicable);

(e) Liquidated damages (where applicable);

(f) Pain and suffering;

(g) Reasonable attorneys' fees and costs;

(h) Pre and post judgment interest;

(i) Awarding extraordinary, equitable, and/or injunctive relief as permitted by law, equity and the federal statutory provisions hereunder, such as reinstatement, pursuant to Federal Rules of Civil Procedure 64 and 65; and

(j) Such other relief the Court deems necessary and just.

## JURY TRIAL DEMANDED

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief, the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

Respectfully submitted:

Date: April 20, 2018

_____
Matthew D. O'Donnell
Maloney, Danyi & O'Donnell
I.D. No. 312351
901 West Lehigh Street
Bethlehem, PA 18018
Ph. (610) 691-3450
Fax (610) 691-7659
modonnell@maloneylawoffice.com

# EXHIBIT A

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Steven D'Amico<br>4580 Spring Street<br>Whitehall, PA 18052 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00123 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson* (signature)

1/25/18
(Date Mailed)

**Jamie R. Williamson,**
**District Director**

Enclosures(s)

cc: Albert A. DeGennaro
J. P. Mascaro & Sons
2650 Audubon Road
Audubon, PA 19403

Matthew O'Donnell, Esq.
LAW OFFICES OF MALONEY DANYI & O'DONNELL
901 West Lehigh Street
Bethlehem, PA 18018